UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TYRA LABORN,**

    **Plaintiff,**

vs.                                    CASE NO.:  5:21-cv-586

**WAWA, INC. , Foreign**
**For Profit Corporation**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff TYRA LABORN ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against the Defendant, WAWA, INC. ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against her previous employer for violations to Section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) and violation of her rights to privacy. Plaintiff also brings claims against the Defendant for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief allowable by law.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §207, *et. seq.* Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

3. This Court has jurisdiction of this matter as it arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

4. This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Marion County, Florida.

## PARTIES

6. Plaintiff worked as a Customer Service Associate for Defendant in Marion County, Florida.

7. At all times material to the allegations herein, Defendant was a business operating and managing gas stations and convenience stores, including the stores in Marion County, Florida, to which Plaintiff was assigned.

## FLSA ENTERPRISE COVERAGE

8. At all times material to the allegations herein, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

9. At all times material to the allegations herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e., food, cash registers, gasoline pumps, food equipment, telephones, pens, and paper).

10. Defendant's employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e., food, cash registers, gasoline pumps, food equipment, telephones, pens, and paper).

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## **STATUTORY PREREQUISITES**

14. Plaintiff is a female individual who suffered discrimination based on ger gender.

15. Accordingly, Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16. Plaintiff was qualified for her position of employment as a Customer Service Associate.

17. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") in or around March 5, 2021.

20. The EEOC issued a Notice of Right to Sue on September 7, 2021.

21. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

22. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## **FACTUAL ALLEGATIONS**

24. Plaintiff was hired by Defendant in or around December 2020, as a Customer Service Associate.

25. Plaintiff was hired to work at Defendant's convenience store located on 4025 SW College Road in Ocala, Florida.

26. At all times material to the allegations hereto, Plaintiff was a nursing mother.

27. Plaintiff requested reasonable break times to express breast milk and an accommodation of a private space to do so.

28. Defendant advised Plaintiff that it would provide this accommodation.

29. However, rather than provide Plaintiff with reasonable space to express breast milk, Defendant instead placed Plaintiff in the "electrical room" of its store and provided a chair for her to sit in.

30. However, this electrical room did not lock from the inside which had the potential to invade Plaintiff's privacy while she was in a compromised situation while expressing breast milk.

31. More specifically, this meant Plaintiff was subject to intrusion from customers or co-workers and managers while expressing breast milk.

32. As a consequence of Defendant's failure to properly accommodate Plaintiff's legal right to be provided a private, secure place to express breast milk, Plaintiff experienced a horrific invasion of her privacy.

33. Plaintiff complained that the accommodation was not appropriate because of the potential that her privacy could be invaded.

34. On December 26 and 27, 2020, Defendant scheduled Plaintiff to work at a different store location in Ocala Florida, located at 1001 S. Pine Avenue, Ocala Florida.

35. However, the manager at this location was aware of Plaintiff's need to express breast milk and its obligation to accommodate Plaintiff.

36. When it was time for Plaintiff to express breast milk, Plaintiff was placed in a room that was not shielded from intrusion and had no lock from the inside.

37. While expressing breast milk in the assigned room, Plaintiff discovered that a smart phone belonging to one of the store managers had been placed in the room and was recording Plaintiff as her breast were exposed and she was expressing breast milk.

38. The manager, Austin Poore, was illegally recording Plaintiff without her knowledge.

39. Shocked and terrified as to what she had just discovered, Plaintiff reported the incident to Defendant and called the police, who came immediately

and ultimately arrested and charged Poore with voyeurism.

40. Plaintiff also reported to Defendant that another manager, Derek Woehler, who had assisted Poore in setting up the electrical room and directed Plaintiff where to sit (clearly in the camera's view).

41. When Plaintiff returned to her regularly assigned store on College Road, she was told that she would be given a "tent" to put up in the non-private room to express milk.

42. This "tent" still did not lock from the inside.

43. Needless to say, Plaintiff felt extremely uncomfortable after these events and Defendant's continued failure to provide accommodations required under the law.

44. As such, Plaintiff had no option but to resign from her position with Defendant on or around January 13, 2021.

45. Defendant failed and/or refused to properly accommodate Plaintiff by providing a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

46. Defendant discriminated against Plaintiff on the basis of her gender (female).

47. Defendant treated Plaintiff less favorably than similarly situated male employees by failing to provide reasonable accommodation to Plaintiff, a lactating mother, as provided by law.

48. Defendant's failure and/or refusal to properly accommodate Plaintiff was willful.

49. The trauma of the experience which Plaintiff suffered is a direct result of Defendant's violations of the FLSA the FCRA and Title VII.

## COUNT I
## FLSA VIOLATIONS

50. Plaintiff re-alleges and incorporates paragraphs 1-13, 24-43, and 47-49, as if fully set forth herein.

51. Pursuant to Section 7(r) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207), an employer shall provide nursing employees a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

52. Plaintiff requested reasonable break time to express breast milk and accommodation of a private space to do so.

53. Plaintiff was entitled to a private room, free from potential intrusion, to express breast milk.

54. Defendant instead placed Plaintiff in rooms that did not lock from the inside which compromised Plaintiff's privacy rights.

55. Plaintiff was in fact subject to intrusion from co-workers and managers while expressing breast milk in violation of the FLSA provisions cited herein.

56. At all times material hereto, Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

57. At all times material hereto, Defendant failed to properly accommodate Plaintiff as mandated by the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

f. Pre and post-judgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

59. Plaintiff realleges and adopts allegations contained in paragraphs 1-7 and 14-49, as though fully stated herein.

60. Plaintiff is a member of a protected class because she is female.

9

61. At all material times, Plaintiff was qualified to perform her job duties.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

63. Defendant did not subject the male employees to discriminatory treatment.

64. Plaintiff suffered an adverse employment action when she was constructively discharged.

65. The discrimination to which Plaintiff was subjected was based on her gender.

66. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

69. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT III
## **GENDER DISCRIMINATION IN VIOLATION OF FCRA**

70. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-7 and 14-49, as though fully stated herein.

71. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

72. Defendant discriminated against Plaintiff based on her gender.

73. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

74. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

75. At all material times, Plaintiff was qualified to perform her job duties.

76. Defendant discriminated against Plaintiff because of her gender.

77. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

78. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT IV
## INVASION OF PRIVACY

79. Plaintiff re-alleges and incorporates paragraphs 1-7 and 24-45, as if fully set forth herein.

80. Defendant, through its representatives, managers, and/or employees intentionally invaded Plaintiff's privacy.

81. While employed with Defendant, Plaintiff was illegally recorded without her knowledge while she expressed breast milk in the nude, by one of Defendant's representatives, managers, and/or employees.

82. Defendant knew or should have known that its action of placing Plaintiff in an unsecure room to express breast milk had the potential to allow employees and others to invade Plaintiff's privacy.

83. The invasion of privacy that Plaintiff was subjected to, was highly offensive to Plaintiff and would be highly offensive to any reasonable person.

84. As a result of Defendant's intentional, willful, and unlawful acts, Plaintiff has suffered damages.

85. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages including but not limited to embarrassment, emotional distress, humiliation, future pecuniary losses, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

f. Pre and post-judgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this 2nd day of December, 2021.

*/s/ Anthony J. Hall*
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924
**THE LEACH FIRM**
631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

*Counsel for Plaintiff*